hWILLIAMS, Judge.
The defendant, Marion Gowan, was charged by grand jury indictment with the crimes of first degree murder, a violation of LSA-R.S. 14:30 and armed robbery, a violation of LSA-R.S. 14:64. Pursuant to a plea agreement, the defendant pled guilty to second degree murder, a violation of LSA-R.S. 14:30.1. The trial court imposed the mandatory sentence of life imprisonment without benefit of parole, probation or suspension of sentence. No appeal was lodged with this court. The defendant now seeks review of the trial court’s denial of his application for post-conviction relief. This court granted his writ and docketed for review. For the following reasons, we reverse the defendant’s conviction, vacate his sentence and remand for further proceedings consistent with this opinion.
FACTS
The defendant, Marion Gowan, admitted to the police that he shot and killed Curtis Lee Hensley in the course of taking cash and jewelry from several individuals at the victim’s residence. A Ouachita Parish grand jury indicted the defendant for first degree murder and armed robbery. At arraignment on April 2, 1981, the defendant pled not guilty and not guilty by reason of insanity. At that time, his attorney also filed an application for the appointment of a sanity commission to determine the defendant’s mental capacity to proceed and his mental condition at the time of the offense. On April 13,1981, the defendant’s attorneys withdrew as counsel and the motion to appoint a sanity commission was continued without a date. Later, Michael Ingram of the indigent defender board was appointed as counsel for the defendant.
The defendant filed a motion to suppress his statement to police and certain items of physical evidence seized. The trial court granted defendant’s motion as to the weapon and pants removed from his truck, but denied the motion in regard to his statement. On September 24, 1981, the defendant withdrew his not guilty plea and pled guilty to a reduced charge of second degree murder. The trial court subsequently sentenced the defendant to life imprisonment without benefit of parole. He did not appeal.
In March 1986, the defendant filed an application for post-conviction relief, urging Uthat the trial court had never ruled on his motion to appoint a sanity commission, and thus violated LSA-C.Cr.P. Art. 642. He argued that his guilty plea was invalid and should be set aside. The trial court and the supreme court denied his application for relief without written reasons. In November 1987, the defendant filed a pro se application for post-conviction relief, again alleging that the trial court erred in accepting his guilty plea without first ruling on his motion to appoint a sanity commission. The trial court denied this application, stating that the issue had been previously raised and denied. The supreme court rejected the defendant’s application for writ of review as repetitive.
In November 1994, the defendant filed an application for writ of mandamus requesting this court to order the district court to locate and rule on his application for post-conviction relief allegedly filed in November 1993. This court denied his motion on the grounds of improper forum. The defendant then successfully filed a writ of mandamus in the trial court, which ordered the clerk to search the files for the defendant’s application. The clerk of court reported that he searched the *1327 entire record but did not find an application for post-conviction relief filed in November 1993.
On June 14, 1995, the defendant filed in the trial court a “Motion for Retroactive Filing of Application for Post-Conviction Relief,” attaching a copy of the application which he had allegedly mailed in November 1993. The defendant asserted the same error as in his previous applications. However, for additional support of his position, he cited the supreme court case of State v. Nomey, 613 So.2d 157 (La.1993), which was decided in January 1993. The defendant asserted that this ease set new precedent and that his application would have been timely had it been delivered to the trial court.
The trial court denied defendant’s motion and he sought review in this court, which initially denied his application for failure to show that the issue of his capacity had been raised. However, on application for rehearing, the defendant attached the trial court minutes, which showed that a motion to appoint a sanity commission had been filed, but never heard. Consequently, this court granted the defendant’s writ and docketed the matter for review.
IsDISCUSSION
The defendant argues that the trial court erred in accepting his guilty plea before resolving the issue of his mental capacity to proceed to trial, in violation of his due process rights. The defendant further urges that relief should not be denied by procedural time limitations.
In State v. Nomey, 613 So.2d 157 (La. 1993), the supreme court held that the trial court’s acceptance of defendant’s guflty plea prior to holding a sanity hearing violated the defendant’s due process rights. LSA-C.Cr.P. Art. 930.8 provides that an application for post conviction relief shall not be considered if it is filed more than three years after the judgment of conviction and sentence has become final, unless one of the listed exceptions applies.
In the present case, the state contends that defendant failed to timely file his application for post conviction relief under Art. 930.8. The defendant’s current application was filed more than three years after his conviction and sentence, and none of the listed exceptions apply. However, the Art. 930.8 time limitation assumes the conviction of a competent defendant who had the capacity to stand trial and assist in his own defense. Such an assumption cannot be made here, however, because the trial court failed to resolve the question of defendant’s capacity to proceed, which was properly raised by pre-trial motion. The defendant has twice previously presented this same claim unsuccessfully to the trial court and the supreme court. It would be fundamentally unfair to now recognize that the defendant’s claim raises a violation of due process, but refuse to consider his claim because a procedural deadline has lapsed, particularly when the defendant’s capacity to understand the proceedings against him is in question. Consequently, in light of the unique facts and procedural history of this ease and the supreme court’s decision in Nomey, we find that justice will be served by addressing the defendant’s allegations.
Our statutory scheme for detecting mental incapacity “jealously guards a defendant’s right to a fair trial.” State v. Nomey, supra at 161; State v. Rogers, 419 So.2d |⅜840 (La.1982); LSA-C.Cr.P. Art. 641 et seq. Prosecuting a defendant who lacks the mental capacity to understand the nature and object of the proceedings against him, or to assist in his defense, violates his right to due process. State v. Nomey, supra. Similarly, failing to observe procedures adequate to protect a defendant’s right not to be tried or convicted while incompetent to stand trial deprives him of his due process right to a fair trial. State v. Nomey, supra, citing Drope v. Missouri, 420 U.S. 162, 171, 95 S.Ct. 896, 903, 43 L.Ed.2d 103 (1975); State v. Carney, 25,518 (La.App. 2d Cir. 10/13/95), 663 So.2d 470. A defendant’s mental incapacity to proceed may be raised at any time. Once raised, no further steps in the prosecution *1328 shall be taken until the defendant is found to have the mental capacity to proceed. LSA-C.Cr.P. Art. 642; State v. Carney, supra. The issue of the defendant’s capacity to proceed shall be determined by the court in a contradictory hearing. LSA-C.Cr.P. Art. 647; State v. Nomey, supra.
Here, the record indicates that the defendant’s attorney filed a motion to appoint a sanity commission, but the trial court failed to rule on this motion prior to accepting the defendant’s guilty plea. Accordingly, we must find that the trial court violated the defendant’s due process right not to be tried until his mental capacity to proceed has been determined.
The state argues that the issue is whether the defendant was competent to proceed at the time of his guilty plea. The state contends that the defendant’s responsive answers during the trial court’s Boykin examination are evidence of his competence to waive his constitutional rights. This argument misses the point. As stated by Justice Blaekmun, “the Due Process Clause does not simply forbid the State from trying and convicting a person who is incompetent. It also demands adequate anticipatory, protective procedures to minimize the risk that an incompetent person will be convicted.” Medina v. California, 505 U.S. 437, 457-59, 112 S.Ct. 2572, 2584, 120 L.Ed.2d 353 (1992) (Blaekmun, J. Dissenting) (emphasis in original); State v. Nomey, supra; State v. Carney, supra. In the present case, upholding the defendant’s conviction would deprive him of the protective measures set forth in our criminal code and would violate his due process rights.
I ^CONCLUSION
For the foregoing reasons, we reverse the defendant’s conviction, vacate his sentence and remand for further proceedings.
REVERSED, VACATED AND REMANDED.