IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-30291
(Summary Calendar)
_____

MICHAEL D. LEWIS,

                                        Petitioner-Appellant,

                        versus

BURL CAIN, Warden,
Louisiana State Penitentiary,

                                        Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
(USDC No. 96-CV-699-S)
- - - - - - - - - -
March 16, 1998

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Michael Lewis, Louisiana state prisoner # 89966, has appealed the district court's dismissal of his habeas corpus petition seeking relief relative to his second-degree murder conviction.

    The district court held that Lewis's claims for relief are procedurally barred, based on La. Rev. Stat. Ann. art. 930.8 (West 1997), a statute of limitations for applications for postconviction relief. A Louisiana appellate court has held, however, that the

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

statute is tolled during the time that a prisoner is mentally incompetent, as Lewis asserts he has been and is.  See State v. Gowan, 666 So. 2d 1325 (La. Ct. App.), vacated and set aside on another ground, 670 So. 2d 1222 (La. 1996).

Because it appears that Lewis has available state postconviction remedies which he should have been required to exhaust, the district court's judgment must be reversed and the cause remanded for dismissal without prejudice.  See Picard v. Connor, 404 U.S. 270 (1971).  In the event that Lewis exhausts his state remedies and then reapplies for federal habeas relief, he would not be procedurally barred because Gowan teaches that, in the case of mental incompetence, the subject Louisiana statute is not a strictly and regularly applied procedural bar.

REVERSED and REMANDED.